**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| THE BOARD OF COMMISSIONERS OF THE COUNTY OF ALLEN,<br><br>    **Plaintiff,**<br><br>    v.<br><br>PURDUE PHARMA LP, *et al.*,<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)  **Cause No.  1:18-cv-00003-WCL-SLC**<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

On January 1, 2018, Plaintiff the Board of Commissioners of the County of Allen filed a

complaint in this Court against Defendants on the basis of diversity jurisdiction pursuant to 28

U.S.C. § 1332(a).  (DE 1 ¶ 35).  As the party seeking to invoke federal diversity jurisdiction,

Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been

met.  *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).  Plaintiff

has failed to properly plead sufficient facts for diversity jurisdiction in several ways.

First, the complaint inappropriately identifies the citizenship of Defendant Purdue

Pharma L.P., who Plaintiff recognizes is a "limited partnership. . . ."  (DE 1 ¶ 37).  "[I]f a firm is

not incorporated, its citizenship is determined by the citizenship of its proprietor, partners,

members, or other participants."  *Wild v. Subscription Plus, Inc*., 292 F.3d 526, 528 (7th Cir.

2002); *see Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co. Ltd.,* 759 F.3d 787,

790 (7th Cir. 2014) (finding that a business established under the laws of China had the

citizenship of every member-investor).  Citizenship must be "traced through multiple levels" for

all partners of Purdue Pharma L.P., as anything less can result in a dismissal for want of

jurisdiction.  *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861

(7th Cir. 2004).

Second, the complaint identifies the states in which Defendants Perry Fine, M.D., Scott Fishman, M.D., and Lynn Webster, M.D., "reside."  (DE 1 ¶¶ 61-63).  Residency is meaningless for purposes of diversity jurisdiction, however; an individual's citizenship is determined by his or her domicile.  *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

Finally, the complaint does not allege that the amount in controversy exceeds $75,000, as required under 28 U.S.C. § 1332(a).  Plaintiff bears the burden of establishing in the complaint that the amount-in-controversy requirement is satisfied .  *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2007) (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

Consequently, the Court ORDERS Plaintiff to file an amended complaint properly identifying the citizenship of Defendants Purdue Pharma L.P., Perry Fine, Scott Fishman, and Lynn Webster, and the amount in controversy.

SO ORDERED.

Enter for this 17th day of January 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge